IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VALERIE BOLOBANIC<br><br>　　　Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF TEXAS<br>MD ANDERSON CANCER CENTER<br><br>　　　Defendant. | CA No.:<br><br>JURY DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Valerie Bolobanic complains of Defendant The University of Texas MD Anderson Cancer Center and for cause of action would show the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this action against Defendant for violation of Section 504 of the Rehabilitation Act of 1973.

### PARTIES

3. Plaintiff Valerie Bolobanic ("Ms. Bolobanic" or "Plaintiff") is a resident of Conroe, Texas.

4. The University of Texas MD Anderson Cancer Center ("MD Anderson" or "Defendant") is a state agency that can be served by serving its agent for service, Peter W.T. Pisters, M.D. 1020 Holcombe Street, Suite 1550, Houston, Texas 77030.

## VENUE

5. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division because the events or omissions giving rise to the matter in controversy occurred in this district and because Defendant has substantial contacts within this district. Venue is proper in this Court under 28 U.S.C. § 1391.

## JUSRISDICION

6. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, under 28 U.S.C. §1331 and 29 U.S.C.A. § 794.

7. The unlawful employment practices were committed within the jurisdiction of this Court.

## CONDITIONS PRECEDENT

8. No administrative exhaustion or other conditions precedents are required prior to the filing of claims under Section 504 of the Rehabilitation Act of 1973. 29 U.S.C.A. § 794.

## FACTS

9. Plaintiff, Valerie Bolobanic, is a former active-duty Air Force member, former IBM employee and worked in several industries over the years with a very good work record. Ms. Bolobanic worked for Defendant MD Anderson in her role as Operations Coordinator without incident until Defendant failed to accommodate her disability, perceived disability or report of disability and wrongfully terminated her.

10. Perhaps because of Plaintiff's military background she took Defendant's zero tolerance policy towards misconduct, lack of professionalism and lack of accountability very seriously. Plaintiff understood that the Code of Conduct was to be adhered to.

11. Unfortunately for Plaintiff, Carla Stiggers became her supervisor. Ms. Stiggers was regularly rude, inappropriate, humiliating, harassing and hostile towards Plaintiff. Ms.

Stiggers failed to follow the Code of Conduct or Defendant's policies with regard to her treatment of Plaintiff. Ms. Stiggers did not have a disability.

12. Plaintiff tried very hard to work with Ms. Stiggers, including going to the Administrative Director, Tracy Gray, to discuss tools to help her deal and work with Ms. Stiggers' inappropriate conduct towards her. The options Ms. Bolobanic suggested were the Ombud's office as well as areas of Compliance and Ethics.

13. Plaintiff reported her severe disability to Defendant, ADHD, which until Ms. Stiggers began harassing, retaliating and discriminating against her, was manageable. Plaintiff was aware that her disability was covered under the ADA. Plaintiff also reported her disability and issues to the EEOC.

14. Plaintiff applied for a transfer as a request for accommodations to her severe ADHD. Tracy Gray was aware of this request.

15. Plaintiff's requests for accommodations included a position that did not have the numerous interruptions and distractions that came with Ms. Stiggers as that became so challenging for Plaintiff to perform her job.[1]

16. The position that Defendant gave Plaintiff at the Woodlands location was substantially different than her Senior Administrative Assistant position at the main Campus. Plaintiff reported this to Human Resources and they incorrectly informed her that the Operations Coordinator was a comparable position. This was not true; that was two positions higher.

17. The reason that there was not a comparable position at the main campus was the operations and administrative were split. Because the duties were not split at the Woodlands Campus,

---

[1] Defendant did provide some accommodations such as noise cancelling headphones and privacy screens. Defendant also made it clear that it had an animus towards these accommodation requests by specifically targeting them in the Final Notice disciplinary action.

Plaintiff had to perform an incredible number of tasks and duties, with constant interruptions.

18. Defendant promised Plaintiff that Operations and Support would be split at the Woodlands location; however, that did not happen – making Plaintiff's job that much more difficult.

19. Defendant did not offer Plaintiff the new position she applied for. (Part of Plaintiff's disappointment after speaking to Tracy Gray was because the hiring manager reported to Tracy and she hoped Tracy would put in a good word as the new position would be a fit for Plaintiff's accommodations request relating to her disability that Tracy was aware of).

20. Plaintiff subsequently sent a text to Tracy Gray requesting an organized employee from Operations to assist with duties and time management to help deal with Plaintiff's severe ADHD.

21. Ms. Gray (and Ms. Stiggers) failed to ultimately respond to that request for accommodations.

22. Instead of accommodating Plaintiff or ensuring that Carla Stiggers ceased harassing, retaliating and discriminating against Plaintiff (and comply with their own Code of Conduct and policies), Defendant wrote Plaintiff up and terminated her on May 12, 2020. Defendant gave Plaintiff an Intent to Terminate Memorandum on May 11, 2020.

23. Defendant discriminated and retaliated against Plaintiff in violation of the Rehabilitation Act of 1973 Section 504. 29 U.S.C.A. § 794.

## CAUSE OF ACTION

*Violation of the Rehabilitation Act.*

24. Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

25. MD Anderson is a part of The University of Texas System, an entity that receives federal financial assistance and is a covered entity for the purposes of § 504 of the Rehabilitation Act. As such, MD Anderson is prohibited from discriminating against any "qualified individual with a disability."

26. At all times relevant to this lawsuit, Valerie Bolobanic is a qualified individual with a perceived disability. She was qualified to perform the essential functions required of her job and her requested job in Houston, Texas.

27. MD Anderson treated Valerie Bolobanic less favorably in the terms and conditions of her employment than its similarly situated, yet non-disabled employees, because of her perceived disability, disability or report of disability.

28. Specifically, MD Anderson violated section 504 of the Rehabilitation Act, 29 U.S.C.A. § 794, by not accommodating Plaintiff's perceived disability and instead terminated Ms. Bolobanic because of her perceived disability and/or her record of disability.

29. As a result of MD Anderson's discrimination and retaliation, Plaintiff has suffered both economic and mental anguish damages.

30. Plaintiff is further entitled to any and all relief permitted under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*. including equitable relief.

## DAMAGES

31. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress and mental anguish.

## ATTORNEY'S FEES

32. Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG | SPROVACH, 3518 Travis Street, Suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to Plaintiff would be equitable and just pursuant to 29 U.S.C. § 794a.

## JURY DEMAND

33. Plaintiff hereby re-states her request for a jury trial.

## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer herein, and then on final hearing, Plaintiff have judgment as follows:

    a. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

    b. Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

    c. Judgment against Defendant, for front pay by Plaintiff as alleged herein;

    d. Grant Plaintiff general damages for the damage to Plaintiff's reputation;

    e. Pre-judgment interest at the highest legal rate;

    f. Post-judgment interest at the highest legal rate until paid;

    g. Compensatory damages;

    h. Attorney's fees;

    i. All costs of court expended herein;

j.  Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully submitted,

*/s/ Ellen Sprovach*
Ellen Sprovach
Attorney-in-Charge for Plaintiff
USDC SD/TX No. 22202
Texas State Bar ID 24000672
ellen@rosenberglaw.com
ROSENBERG | SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)

OF COUNSEL:
ROSENBERG | SPROVACH                              ATTORNEYS FOR PLAINTIFF